[Cite as *Berry-Silverman v. Silverman*, 2023-Ohio-824.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| MELISSA BERRY-SILVERMAN | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 21 CAF 12 0065 |
| ANDREW SILVERMAN | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:    Civil Appeal from the Court of Common
Pleas, Domestic Relations Division, Case
No. 20 DRB 07 0346


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    March 16, 2023


APPEARANCES:

For Plaintiff-Appellant         For Defendant-Appellee

CHRISTOPHER L. TROLINGER     ANDREW S. GROSSMAN
ELIZABETH R. ROBERTO         JOHN H. COUSINS IV
175 S. 3rd Street               MARGARET M. HUCK
Suite 720                   GROSSMAN LAW OFFICES
Columbus, Ohio  43215       32 W. Hoster Street, Suite 100
                             Columbus, Ohio  43215

*Wise, J.*

{¶1}    Plaintiff-Appellant Melissa Berry-Silverman appeals the November 23, 2021 judgment entry of the Delaware County Court of Common Pleas, Domestic Relations Division. Appellee is Andrew Silverman.

## FACTS AND PROCEDURAL HISTORY

{¶2}    On July 2, 2020, Appellant filed a divorce action against Appellee.

{¶3}    On August 24, 2021, the action proceeded to a trial before a magistrate in the Delaware County Court of Common Pleas, Domestic Relations Division.

{¶4}    On September 28, 2021, the magistrate issued findings of facts and conclusions of law.

{¶5}    On October 13, 2021, the trial court filed a Certification of Audio Transcript, providing the audio disk of the trial to Appellant.

{¶6}    On October 21, 2021, Appellant filed objections pursuant to Civ.R. 53(D)(3)(b). In the objections, Appellant sought leave to file an amended memorandum in support of the objections with citations to the written transcript once available.

{¶7}    Appellant informed the trial court that the transcript had been ordered.

{¶8}    On November 19, 2021, the court reporter informed Appellant the trial transcript was prepared. PRI, Inc. made a request of Appellant for payment to have the transcript bound and filed. Appellant made payment.

{¶9}    On November 23, 2021, the trial court issued a judgment entry overruling all of Appellant's objections to the magistrate's findings of facts and conclusions of law before PRI, Inc. filed the transcript.

{¶10} On December 6, 2021, Appellant filed a Motion for Relief from Judgment pursuant to Civ.R. 60(B).

{¶11} On December 11, 2021, Appellant filed a Motion to Admit Additional Evidence, pursuant to Civ.R. 53(D)(4)(d).

## ASSIGNMENTS OF ERROR

{¶12} Appellant filed a timely notice of appeal and herein raises the following Assignments of Error.

{¶13} "I. THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO THE PLAINTIFF-APPELLANT, IN AN ABUSE OF ITS DISCRETION, BY OVERRULING HER OBJECTIONS FILED PURSUANT TO CIVIL RULE 53.

{¶14} "II. THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO THE DEFENDANT-APPELLANT, BY NOT GRANTING THE PLAINTIFF-APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO CIVIL RULE 60(B)."

## I.

{¶15} In her first Assignment of Error, Appellant argues the trial court abused its discretion by overruling Appellant's objections to the magistrate's findings of facts and conclusions of law without the filing of the written transcript. We disagree.

{¶16} Civ.R. 53(D)(3)(b)(iii) states:

Objection to Magistrate's Factual Finding; Transcript or Affidavit. An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court,

alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

{¶17} This Court has previously held that if an appellant fails to file a transcript of the trial proceedings with his objections to the magistrate's findings of fact, "the factual findings of the magistrate are deemed established and may not be attacked on appeal." *Doane v. Doane*, 5th Dist. Guernsey No 00CA21, 2001 WL 474267, *3 (May 2, 2001). Accordingly, we review whether the trial court abused its discretion in reaching specific legal conclusions. *Id.* The abuse of discretion standard is more than an error of judgment; it implies the court ruled arbitrarily, unreasonably, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶18} Delaware Domestic Local Court Rule 27.04(E) provides, in pertinent part: "Any party who files an objection shall have 14 days to file a supplemental brief after the filing of the transcript with the court."

{¶19} In the case *sub judice*, Appellant filed her objections on October 21, 2021. According to Civ.R. 53(D)(3)(b)(iii), the transcript had to be filed by November 20, 2021. The record fails to show a transcript was filed with the court at this time, or that Appellant requested an extension to file the transcript. The trial court overruled Appellant's objections because a transcript was not timely filed. Delaware Domestic Local Court Rule 27.04(E) grants a party 14 days to file a supplemental brief after the filing of the

transcript. This rule presupposes that a transcript has appropriately been filed with the trial court. As no transcript was ever filed, the additional fourteen days to file a supplemental brief is never triggered. As such, the trial court did not abuse its discretion in overruling Appellant's objections to the magistrate's decision.

{¶20} Appellant's first Assignment of Error is overruled.

**II.**

{¶21} Appellant argues in her second Assignment of Error the trial court erred by failing to grant Appellant's Motion for Relief from Judgment. However, Appellant asserts in her reply brief that she has withdrawn this assignment of error. Accordingly, we need not address it.

{¶22} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, Delaware County, Ohio, is hereby affirmed.

By: Wise, J.

Hoffman, P. J., and

Delaney, J., concur.

JWW/br 0308